UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Veasna Oth,<br><br>Petitioner,<br><br>v.<br><br>Christopher Chestnut, in his official capacity, Facility Administrator of California City Detention Facility, et al.,<br><br>Respondents. | No. 1:25-cv-01367-KES-HBK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 12 |

On August 7, 2026, petitioner Veasna Oth, an immigration detainee proceeding with counsel, filed his first amended petition and motion for temporary restraining order. Docs. 12, 13. On August 14, respondents filed their opposition. Doc. 16. On August 18, petitioner filed his reply. Doc. 17.

## I. Background

Petitioner was born in a refugee camp in the Philippines. Doc. 12-2, Declaration of Veasna Oth ("Oth Decl.") at ¶ 2. At two-weeks old, petitioner and his family were admitted in the United States as refugees of the Khmer Rouge genocide in Cambodia. *Id.* at ¶¶ 2–3. As a one-year-old, petitioner became a lawful permanent resident. *Id.* at ¶ 3. In 2003, petitioner was convicted of voluntary manslaughter and was sentenced to thirty-one years. *Id.* at ¶ 9. After serving twenty-two years and eight months, in November 2024 petitioner was released early due to his participation in CDCR Fire Camp, rehabilitation and educational programming, and a lack

of disciplinary issues. *Id.* at ¶ 22. Petitioner was immediately detained by ICE and has been in custody since November 2024. *Id.* He is currently detained at California City Detention Facility. *Id.* at ¶ 29.

On April 22, 2025, the immigration judged denied petitioner's application for asylum and withholding of removal and ordered petitioner removed to Cambodia, or in the alternative, to the Philippines. Doc. 12-2, Declaration of Neha Singh Malik ("Malik Decl.") at ¶ 8. On September 18, 2025, the Board of Immigration Appeals (BIA) dismissed petitioner's appeal. *Id.* at ¶ 10. On January 29, 2026, the Ninth Circuit denied petitioner's motion for stay of removal, but his petition for review remains pending. *Id.* at ¶ 11.

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Discussion

### a. *Zadvydas* Claim

Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), petitioner argues he has been detained "well over [his] 90-day removal period and the six month presumptively reasonable period for detention under 8 U.S.C. § 1231." Doc. 12 at ¶ 53. In *Zadvydas*, the Supreme Court recognized that 8 U.S.C. § 1231(a)(6), the statute that allows the government to detain a noncitizen who has been ordered removed after the "removal period," would pose a "serious

constitutional problem" if it were construed to "permit[] an indefinite . . . deprivation of human liberty[.]" *Zadvydas*, 533 U.S. at 682, 690–92. The Court therefore read an implicit constitutional limitation into 8 U.S.C. § 1231: If, six months after being ordered removed, an immigration detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Once it has been determined that "there is no significant likelihood of removal in the reasonably foreseeable future[,]" then the government must release the noncitizen. *Id.*

Petitioner has been detained for more than a year since the BIA dismissed his appeal and more than seven months since the Ninth Circuit denied his motion for stay of removal. *See* Doc. 12-2, Malik Decl. at ¶¶ 10–11. Respondents concede that petitioner "is subject to a final order of removal." Doc. 16 at 3. Petitioner argues, "There is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future' because [he] has been detained continuously since November 2024, and he still does not have travel documents to his designated country of removal, Cambodia, or to the alternative designated country, the Philippines." Doc. 12 at ¶ 54.

Respondents fail to rebut petitioner's showing. Respondents argue that they "are in the process of obtaining travel documents for deportation" and "that length of time alone does not carry [petitioner's] burden."[1] Doc. 16 at 5. Respondents cite to *Gathiru v. Banieke*, No. 15-4247 (DSD/TNL), 2016 WL 6436621 (D. Minn. Oct. 28, 2016), however, in *Gathiru*, the court found that "ICE reasonably expects, based on conversations with Kenyan officials, that travel documents will be issued." 2016 WL 6436621, at *2. Here, respondents have not made any

[1] Respondents also argue that petitioner "failed to seek leave of the Court before filing the new or amended pleadings, in violation of the Federal Rules" and that petitioner's motion for temporary restraining order is untimely. Doc. 16 at 3. But a "party may amend its pleading . . . [with] the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). On August 7, 2026, a district judge reviewed petitioner's new petition and directed the clerk of court to recharacterize it as a first amended petition for writ of habeas corpus and to file it in this case. *See* Case No. 1:26-cv-06272-JLT-EGC at Doc. 4. Subsequently, petitioner and respondents filed a joint stipulation setting out a briefing schedule on the first amended petition, along with a proposed order, which the court entered. Docs. 14, 15.

"showing that removal to the country of removal is common; that the United States and the country of removal have a repatriation agreement in place; that the noncitizen meets the considerations, if any, that the government of the country of removal might take into consideration when deciding whether to issue the noncitizen travel documents; and/or, if applicable, that a new request for travel documents redresses any issue with prior requests."[2] *Kozlova v. Warden of the California City Detention Center*, No. 1:26-cv-0499 DJC AC, 2026 WL 1785250, at *4 (E.D. Cal. June 22, 2026). On this record, the Court finds that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future. As such, petitioner's detention is no longer authorized by 8 U.S.C. § 1231.

**b. Third-Country Removal Claim**

Petitioner also argues that respondents' "third country removal policy violates due process" and respondents must provide petitioner with constitutionally adequate procedures prior to any third country removal. Doc. 12 at ¶¶ 76, 85. Respondents do not address petitioner's third-country removal claim. *See* Doc. 16.

A July 9, 2025 ICE policy provides that "[i]f the United States has received diplomatic assurances from the country of removal that aliens removed from the United States will not be persecuted or tortured, and if the Department of State believes those assurances to be credible, the alien may be removed without the need for further procedures." *See* ICE Policy Memorandum, Third Country Removals Following the Supreme Court's Order in *Department of Homeland Security v. D.V.D.*, No. 24A1153 (U.S. June 23, 2025), July 9, 2025, available at https://storage.courtlistener.com/recap/gov.uscourts.mad.282404/gov.uscourts.mad.282404.190.1.pdf. The policy further provides that, "[i]n all other cases," ICE may still remove the noncitizen

[2] In his reply, petitioner provides an expert declaration, which states that "[r]emoval to Cambodia generally requires an individualized determination by Cambodian authorities that the person is a Cambodian national, followed by Cambodian authorization and issuance of the necessary travel documentation." Doc. 17-1, Declaration of Thao Ha, PhD ("Ha Decl.") at ¶ 7. Petitioner further argues that he "has not had the required interview [with Cambodian authorities], it is unclear whether or not he will qualify for Cambodian citizenship, [and] [r]espondents have not established the likelihood that Cambodia will authorize [petitioner's] repatriation[.]" Doc. 17 at 10.

to the third country by following certain procedures. *Id.* Those procedures include that "ERO [Enforcement and Removal Operations] will not affirmatively ask whether the alien is afraid of being removed to the country of removal." *Id.* (emphasis in original). If ICE follows this policy, petitioner would not have a meaningful opportunity to present this claim in any court before he is removed.

"The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). The Ninth Circuit has held that "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates the constitutional right to due process." *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999). "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Nguyen v. Scott*, 796 F.Supp.3d 703, 727 (W.D. Wash. 2025) (quoting *Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016)). Other courts in this circuit have recognized that ICE's current policy is unconstitutional, and this Court agrees with the reasoning of those decisions. *See, e.g.*, *Nguyen v. Scott*, 796 F.Supp.3d at 726–33; *Zakzouk v. Becerra*, No. 25-CV-06254-KAW, 2025 WL 2899220, at *4 (N.D. Cal. Oct. 10, 2025); *Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 2987766, at *2–3 (W.D. Wash. Oct. 23, 2025).

## IV. Conclusion and Order

Accordingly,

1. The petition for writ of habeas corpus is GRANTED.
2. Respondents are ORDERED to release petitioner immediately.
3. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.
4. Respondents are ENJOINED AND RESTRAINED from removing petitioner to any <u>third</u>

country without first providing him with constitutionally compliant procedures,[3] including:

a. Written notice to petitioner and counsel of the third country to which he may be removed, in a language that petitioner can understand, provided at least 21 days before any such removal;

b. A meaningful opportunity for petitioner to raise a fear of return for eligibility for protection under the Convention Against Torture, including a reasonable fear interview before a DHS officer;

c. If petitioner demonstrates a reasonable fear during the interview, DHS must move to reopen his underlying removal proceedings so that he may apply for relief under the Convention Against Torture; and

d. If it is found that petitioner does not demonstrate a reasonable fear during the interview, a meaningful opportunity, and a minimum of 15 days, for petitioner to seek to move to reopen his underlying removal proceedings to challenge potential third-country removal.

5. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

6. The Clerk of Court is directed to terminate the findings and recommendations and any pending motions as moot.

7. The Clerk is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: September 21, 2026

UNITED STATES DISTRICT JUDGE

[3] Respondents may, of course, remove petitioner to Cambodia. But, on the present record, petitioner has shown that there is no significant likelihood of his removal to Cambodia in the reasonably foreseeable future.